UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: NINE WEST LBO SECURITIES LITIGATION<br><br>Pertains to: *Kirschner, et al. v. Kimmel, et al.*, No. 20-cv-4287 | ) No. 20-MD-2941 (JSR)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] DEFAULT JUDGMENT

**WHEREAS,** this matter came before the Court on the motion of plaintiffs Marc S. Kirschner, as Trustee for the NWHI Litigation Trust, and Wilmington Savings Fund Society, FSB, as successor indenture trustee for the 6.875% Senior Notes due 2019, the 8.25% Senior Notes due 2019, and the 6.125% Senior Notes due 2034 of Nine West Holdings, Inc. ("Plaintiffs") for entry of a default judgment against defendants James Chan, James Ostrowski, Susan Duffy, and Suzanne Karkus (together, the "Defaulting Defendants") under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2;

**WHEREAS,** Plaintiffs filed their motion for entry of default judgment seeking recovery of $105,000.00 in fraudulent conveyances to Chan, pursuant to N.Y. Debtor and Creditor Law ("DCL") § 273, as made applicable pursuant to 11 U.S.C. §§ 544(b) and 550, and prejudgment interest in the amount of $101,697.53, which is equal to prejudgment interest at New York's 9% per year rate pursuant to New York Civil Practice Law and Rules ("CPLR") 5004(a), accruing from April 11, 2014 through January 14, 2025; and

**WHEREAS,** Plaintiffs filed their motion for entry of default judgment seeking recovery of $180,000.00 in fraudulent conveyances to Ostrowski, pursuant to DCL § 273, as made applicable pursuant to 11 U.S.C. §§ 544(b) and 550, and prejudgment interest in the amount of 174,338.63, which is equal to prejudgment interest at New York's 9% per year rate pursuant to CPLR 5004(a), accruing from April 11, 2014 through January 14, 2025; and

4926-6012-4685.3

**WHEREAS,** Plaintiffs filed their motion for entry of default judgment seeking recovery of $150,000.00 in fraudulent conveyances to Duffy, pursuant to DCL § 273, as made applicable pursuant to 11 U.S.C. §§ 544(b) and 550, and prejudgment interest in the amount of $145,282.19, which is equal to prejudgment interest at New York's 9% per year rate pursuant to CPLR 5004(a), accruing from April 11, 2014 through January 14, 2025; and

**WHEREAS,** Plaintiffs filed their motion for entry of default judgment seeking recovery of $225,000.00 in fraudulent conveyances to Karkus, pursuant to DCL § 273, as made applicable pursuant to 11 U.S.C. §§ 544(b) and 550, and prejudgment interest in the amount of $217,923.29, which is equal to prejudgment interest at New York's 9% per year rate pursuant to CPLR 5004(a), accruing from April 11, 2014 through January 14, 2025; and

**WHEREAS,** the Defaulting Defendants have not filed any opposition to Plaintiffs' motion for default judgment. The Court scheduled a default hearing for Plaintiffs' application on Friday, February 7, 2025 at 9:00am Eastern Time, and after service of process was effectuated under Local Rule 55.2, each of the Defaulting Defendants failed to appear in person, remotely, or by other means;

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiffs' motion for entry of default judgment against the Defaulting Defendants is GRANTED pursuant to Fed. R. Civ P. 55(b)(2); it is

**FURTHER ORDERED** that Chan shall pay to Plaintiffs $105,000.00 in damages under DCL § 273, $101,697.53 in prejudgment interest pursuant to CPLR 5004(a) through January 14, 2025 and $25.89 per day thereafter until entry of judgment, and post-judgment interest under 28 U.S.C. § 1961; it is

4926-6012-4685.3

**FURTHER ORDERED** that Ostrowski shall pay to Plaintiffs $180,000.00 in damages under DCL § 273 and $174,338.63 in prejudgment interest pursuant to CPLR 5004(a) through January 14, 2025 and $44.38 per day thereafter until entry of judgment, and post-judgment interest under 28 U.S.C. § 1961; it is

**FURTHER ORDERED** that Duffy shall pay to Plaintiffs $150,000.00 in damages under DCL § 273 and $145,282.19 in prejudgment interest pursuant to CPLR 5004(a) through January 14, 2025 and $36.99 per day thereafter until entry of judgment, and post-judgment interest under 28 U.S.C. § 1961; it is

**FURTHER ORDERED** that Karkus shall pay to Plaintiffs $225,000.00 in damages under DCL § 273 and $217,923.29 in prejudgment interest pursuant to CPLR 5004(a) through January 14, 2025 and $55.48 per day thereafter until entry of judgment, and post-judgment interest under 28 U.S.C. § 1961; and it is

**FURTHER ORDERED** that this Court retains jurisdiction over any matter pertaining to this judgment.

Dated: 2/7/25

**SO ORDERED.**

_____
Jed S. Rakoff (U.S.D.J.)

4926-6012-4685.3